[No. 4315.   Decided December 30, 1902.]

T. M. DAULTON, *Respondent,* v. R. C. STUART, *Appellant.*

ACTION TO DETERMINE CONFLICTING CLAIMS TO PROPERTY — SUF-
    FICIENCY OF COMPLAINT.
    Bal. Code, §§ 4843-4845, which provide for actions to determine conflicting claims to property, do not require the complaint to allege that plaintiff has been sued or suit threatened, or that he is in danger of having judgment rendered against him twice for the

same property, but any allegation which shows the fact that each of two different parties claims the property is sufficient.

Appeal from Superior Court, King County.—Hon. Boyd J. Tallman, Judge. Affirmed.

*H. E. Foster,* for appellant.

*W. D. Lambuth,* for respondent.

The opinion of the court was delivered by

Mount, J.—This action was brought by the respondent under § 4843, Bal. Code. A complaint was filed, in which it was alleged substantially that the respondent was in possession of certain described household goods, which were purchased of him by Mrs. George Henderson; that, at the time of the purchase, Mrs. Henderson paid $100 on the purchase price; that thereafter Mrs. Henderson came to respondent's place of business in company with appellant R. C. Stuart; that Stuart thereupon paid the balance of the purchase price of the said goods, which were to be shipped to Alaska, as directed by defendant Henderson; that defendants Stuart and Henderson now both claim ownership of the goods; that respondent is ignorant of the respective rights of the defendants, and has no claim upon the goods, and is ready and willing to deliver them to such persons as the court may direct; that the action is not brought by collusion with either of the defendants, but by reason of the fact that defendants are both about to commence replevin suits against respondent for the goods. The prayer was for injunctive relief, that the defendants be required to interplead, that the court appoint some person to take possession of the property *pendente lite,* that plaintiff be discharged from liability, and for general relief. The court thereupon made an order requiring the defend-

ants to be served with summons, and that plaintiff remain in possession of the property subject to the further order of the court. Appellant, Stuart, was thereafter served, and appeared in the action and filed a motion to set aside the order. This motion was denied, but respondent was granted leave to file an amended complaint, which is in substance the same as the original complaint, except the following paragraph, which was added, viz:

"7. That plaintiff is a merchant doing a large business, and that any suit commenced by the defendants or either of them will damage plaintiff in his credit and standing, and cause him to be reported by the various mercantile agencies as being sued, and work irreparable injury to plaintiff's credit; that plaintiff would have to pay a considerable amount for attorneys' fees to defend such action, in addition to taxable costs of court, for which expenditure plaintiff would have no recourse; that plaintiff offered before the commencement of this action to deliver all of the said property to the defendant, Stuart, provided he would give plaintiff a proper indemnifying bond, but that said defendant refused to give any bond, or otherwise indemnify plaintiff."

Appellant, Stuart, thereupon filed a general demurrer to the amended complaint. This demurrer was denied upon the hearing, and appellant elected to stand upon his demurrer and refused to plead further. Judgment was thereupon entered against him restraining him from bringing any action against respondent to recover the property, or for damages for detaining possession thereof, and directing him to deliver the property to defendant Henderson.

The questions presented on this appeal go to the sufficiency of the complaint. It is argued that the complaint is insufficient, because it does not show that suit is threatened, or that respondent is in danger of having judgment

rendered against him, or that he may be called upon to respond to each of the claimants for the same property or its value. The sections of the statute under which the action is brought are as follows:

"Sec. 4843. Any one having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action.

"Sec. 4844. In all actions commenced under the preceding section, the plaintiff may disclaim any interest in the money, property, or indebtedness, and deposit with the clerk of the court the full amount of such money or indebtedness, or other property, and he shall not be liable for any costs accruing in said action.   .   .   .

"Sec. 4845. Either of the defendants may set up or show any claim or lien he may have to such property, money, or indebtedness, or any part thereof, and the superior right, title, or lien, whether legal or equitable, shall prevail. The court, or judge thereof, may make all necessary orders, during the pendency of said action, for the preservation and protection of the rights, interests, or liens of the several parties."

These sections do not require that, before the action can be maintained, plaintiff shall allege that he has been sued or suit threatened, or that he is in danger of having judgment rendered against him twice for the same property, unless it is found in the clause in § 4843, as follows: "where more than one person claims to be the owner" of such property. The word "claims," as used in this section, has its ordinary signification, and is readily understood. No doubt an allegation that each of two persons had sued or threatened suit against the plaintiff would be

a good allegation of the fact that each made a claim of ownership; but we do not think such allegations are exclusively necessary. Any allegation which shows the fact that each of two different parties claims the property is sufficient. The language of the complaint is as follows:

"2. That said defendant Stuart now claims ownership of said goods under claim that he furnished all the money for the purchase of the same, and that he actually made the purchase for himself, and demands delivery of said goods to him at Seattle.

"3. That defendant Henderson also claims the ownership of the same by reason of her purchasing the same as aforesaid.

"4. That plaintiff is ignorant of the respective rights of the defendants.

"5. That the plaintiff has no claim upon the said property, and is ready and willing to deliver it to such persons as the court may direct.

"6. That this action is not brought by collusion with either of the defendants, but by reason of the fact that the defendants are each about to commence replevin suits against plaintiff for said goods."

These allegations show that the defendants claim adverse ownership; that the defendant Stuart claims to own the goods, and has made a demand for the same; that defendant Henderson also claims ownership, and that this action is brought because each of the defendants is about to commence a replevin suit against plaintiff for the goods. They are sufficient to bring the case within the statute upon the question raised, and it was, therefore, not error to overrule the demurrer.

The judgment is affirmed.

Reavis, C. J., and Anders, Fullerton and Dunbar, JJ., concur.