[No. 7069. Decided October 15, 1908.]

G. M. LAURIDSEN, *Respondent*, v. F. S. LEWIS, *Appellant*.[1]

APPEAL—EXCEPTIONS. Findings of fact to which no exceptions are taken are binding and will be liberally contrued.

EXECUTORS AND ADMINISTRATORS—PROCEEDINGS—CONCLUSIVENESS— LACHES. A creditor of an estate having a preferred claim which was on presentation disallowed for want of funds, who took no appeal or proceedings to question the administrator's sale of real estate for a nominal sum, or the administrator's discharge on final accounting, until after the lapse of more than three years and then only to interpose his claim as a counterclaim to an action on account, is concluded by the probate proceedings, and cannot reopen the same for fraud which he might have discovered with reasonable diligence.

ESTOPPEL—LACHES — ACQUIESCENCE IN PROCEEDINGS — FINDINGS— CONSTRUCTION—SUFFICIENCY. Findings of fact, not excepted to, sufficiently show that a creditor of an estate was guilty of laches and is precluded from asserting fraud on the part of the administrator in disposing of property of which he was trustee of an express trust, where the findings recite that the sale by the administrator was made in good faith, and that the creditor had knowledge of facts that would lead a reasonably prudent man to the discovery of the fraud, if there was any, and did not use ordinary diligence, but acquiesced in probate proceedings and slept on his rights for an unreasonable time; as findings are to be liberally construed and objection to them as conclusions should be raised below by taking exceptions.

Appeal by defendant from a judgment of the superior court for Clallam county, Still, J., entered July 9, 1907, upon

[1]Reported in 97 Pac. 663.

findings made by the court after a trial on the merits without
a jury, dismissing the complaint and defendant's counter-
claim, in an action on contract.   Affirmed.

*Trumbull & Trumbull*, for appellant.

*A. W. Buddress*, for respondent.

ROOT, J.—This action was commenced by plaintiff, in
March, 1906, to recover $80 alleged to be due for merchan-
dise.   Defendant answered by denials, and affirmative defenses
and a counterclaim, to which plaintiff replied by a general
denial and new matter.   The case was tried by the court with-
out a jury, and findings were made to the effect that the
plaintiff's cause of action was barred by the statute of limi-
tations, and that defendant could not prevail upon his count-
erclaim by reason of laches and the statute of limitations;
whereupon the action was dismissed at plaintiff's cost.   From
the judgment the defendant appeals.

No exceptions were taken to the findings of fact, and the
only question here presented is as to their sufficiency to sustain
the court's conclusion as to appellant's counterclaim.   The
findings, in so far as they touch upon the question of counter-
claim, show substantially the following facts:   That appel-
lant, in the year 1901, rendered services as a physician to
one David R. Burness, who died on the 19th day of October,
1901; that Burness was the owner of certain real estate in
Clallam county, and in the state of Kansas, and also some
personal property; that prior to his death, believing his sick-
ness fatal, he conveyed all of his real property to this respond-
ent, and at said time wrote and signed the following declara-
tion as to the purposes of said conveyance:

"Port Angeles, Wash., May 7th., 1901.

"I, D. R. Burness, being of sound mind, state the follow-
ing as my last wishes and wish that hereinafter mentioned to
be done in event of my death.

"G. M. Lauridsen I appoint to have full control of my af-
fairs without the aid of the court.   I have deeded to him all

of my property and what I owe him he is to take out first of
the proceeds of sale of said property real as well as personal.
He is to pay all of my debts that he may deem just, and
whatever may be left after all such debts are paid he will
remit to my sister in Scotland, Mrs. McGregor, of Rutland
Hotel, Edinburg.   My watch is to be a gift to G. M. Laurid-
sen.                                      ·D. R. Burness."

that a few days prior to the death of Burness, to wit, on
the 15th day of October, 1901, respondent filed the deed for
record with the auditor of Clallam county ; that appellant did
not know of the declaration hereinbefore set forth until after
the commencement of the present action, but at divers times
while he was attending Burness as his physician, Burness stat-
ed, in presence of both appellant and respondent, that he
had turned all of his property over to respondent; that on
the 26th day of October, 1901, respondent filed his petition
for letters of administration on the estate of Burness, wherein
it was stated that Burness died intestate and possessed of cer-
tain real estate therein described, which description covered
the property conveyed in the deed by Burness to this respond-
ent ; that respondent was appointed administrator, gave notice
to creditors, took an order of sale of the real estate, and sold
the same; that prior to said sale respondent entered into an
agreement with one Moore, whereby the latter was to bid in
the real estate for a nominal price; and in accordance with
said agreement, Moore, on the 22d of March, 1902, bid in
the real estate for $55, and on April 4 following, respondent,
as administrator, made a deed of said property to Moore,
and on the next day Moore conveyed all of said property by
quitclaim deed to respondent, for a consideration of $60, and
that thereafter respondent claimed to own said property abso-
lutely ; that appellant filed his claim of $244 for professional
services with respondent as administrator, and the same was
allowed and approved, but payment was refused for want of
funds belonging to the estate; that on January 28, 1902,

respondent filed a supplemental inventory and attached thereto the declaration of Burness hereinbefore set forth; that on the 13th of February, 1903, respondent, as administrator, filed his final account, and on the 28th of February, 1903, the court made a decree settling and allowing said account and discharging the administrator; that on the 2d of February, 1903, respondent sold to one Wold a portion of the real estate for $2,650, and in February, 1905, sold other portions for $100, and also received $50 for the lots in Kansas and the sum of $57.50 in rent, and sold a safe belonging to the estate for $60; that he paid out for taxes on tide lands of the estate the sum of $560.95; that respondent "had said estate probated and gave due notice to the creditors and, pending the said probate thereof, sold and re-purchased the lands hereinbefore mentioned, in good faith." In addition to these facts the court found as follows:

"That F. S. Lewis, the defendant, had full knowledge of his legal rights, and that his claim was a preferred claim in the probate proceedings, but slept upon his legal rights for an unreasonable time under the circumstances of this case; that his long acquiescence in the probate decree, and his failure to enforce or attempt to enforce the payment of his claim of $244 is in law and equity equivalent to affirmance and operates as a bar in equity. That defendant had ample opportunity to assert his said preferred claim in the probate proceedings but wholly failed to do so.

"That the defendant had knowledge of facts which would lead a reasonably prudent man to the discovery of fraud if there was any in the premises; the defendant did not use ordinary diligence to inform himself of all the facts and to avail himself of the means to detect fraud and in equity should be barred and defendant estopped.

"That defendant never attempted to enforce the payment of his said claim either against plaintiff as trustee or as administrator or individually until about more than three years had elapsed and was himself sued by plaintiff."

Inasmuch as no exception was taken by appellant to the findings, they must be held as binding against him. It is

urged that some of the findings are nothing more than con-
clusions, and that they are indefinite and confusing. If these
objections are good, they should have been raised by excep-
tions taken in the lower court in the manner provided by the
statute. Where no exceptions are taken to the findings, an
appellate court will ordinarily give them a liberal construc-
tion rather than overturn the judgment based thereupon.
It appears that appellant presented his claim to the adminis-
trator, and when the same was not paid and the final account
of the administrator approved and allowed and himself dis-
charged, he took no appeal or other procedure to question the
correctness of the doings of the administrator or the rulings
of the court in the premises. The decision of the court in
the probate proceedings would therefore seem to be conclusive
against him, in so far as his rights were involved therein.

But it is urged that the declaration signed by Burness con-
stituted respondent a trustee of an express trust, and that
appellant did not know of such declaration until after the
commencement of the present action, and that he may now
maintain his counterclaim by reason of the fraud perpetrated
by appellant in the disposition of the property. But the find-
ings seem to prevent this. The court finds that the action
of the respondent in regard to selling and repurchasing the
lands was in good faith. In the declaration signed by Bur-
ness, he directs respondent to take out from the first proceeds
of the sale of the property what he owes him. There is noth-
ing shown in the findings as to how much Burness owed re-
spondent. The evidence, which is not brought before us,
may have shown this amount. There is no finding as to the
total amount of debts and expenses paid by respondent. If
the evidence as to all of these matters were before the court,
we might perhaps form an opinion as to whether the action
of the respondent was in good faith or otherwise. But these
matters not being brought before us, we must presume that
the evidence touching them and other matters involved was

such as to justify the trial court in its findings of good faith. It appears from the findings that the appellant knew, while he was rendering services to Burness as his physician, that said Burness had conveyed all of his property to respondent, and the court expressly finds that "the defendant had knowledge of the facts which would lead a reasonably prudent man to the discovery of the fraud if there was any in the premises," and that he did not use ordinary diligence and inform himself; and furthermore that he slept upon his legal rights for an unreasonable time under the circumstances and acquiesced in the probate decree. If these things are true— and they must be accepted as such, inasmuch as no exception was taken to them—the trial court was justified in deciding against the counterclaim.

The judgment will be affirmed.

HADLEY, C. J., CROW, DUNBAR, RUDKIN, FULLERTON, and MOUNT, JJ., concur.