[No. 7651.   Decided April 7, 1909.]

# H. M. GOULD et al., Appellants, v. ANNIE L. AUSTIN, Respondent.[1]

APPEAL—REVIEW—HARMLESS ERROR—NOTICE OF SIGNING JUDGMENT. Failure to give notice of the signing of findings and judgment, after a hearing on proposed findings and the taking of the same under advisement, is error without prejudice, where the party was deprived of no substantial right.

JUDGMENT—CLERK'S MINUTES—CONCLUSIVENESS—SUBSEQUENT ENTRY OF CONFLICTING JUDGMENT. A clerk's entry in the journal that the court ordered the case dismissed on defendant's motion, at the close of plaintiff's case, is not conclusive evidence of the actual judgment, and does not preclude the court from subsequently making findings and entering judgment granting the defendant affirmative relief; and the formal judgment controls the clerk's entry.

JUDGMENT—RECITALS—JUDGMENT ON MERITS—EFFECT—APPEAL— HARMLESS ERROR. In an action to quiet title a recital in a judgment for the defendant, that "plaintiffs were duly sworn and offered evidence in support of their case" whereupon they rested and the court granted defendant's motion for judgment, authorizes a judgment on the merits, barring the plaintiff from the prosecution of any further action; hence it is harmless error for the court to include in the judgment a provision quieting defendant's title.

APPEAL—REVIEW—DEFECTIVE FINDINGS — EFFECT — RECORD — EVIDENCE—PRESUMPTION IN SUPPORT OF JUDGMENT. In an equitable action, incomplete or defective findings are not ground for reversal, where the evidence is not brought up, as it will be presumed that the evidence supports the judgment.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 29, 1908, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*H. H. Eaton* (*Sullivan & Stevens*, of counsel), for appellants.

*McCafferty & Godfrey* and *Stephen V. Carey*, for respondent.

[1]Reported in 100 Pac. 1029.

FULLERTON, J.—The appellants sued the respondent to quiet title to real property. Issue was taken on the complaint, and a trial was had on January 8, 1908, the minutes of which the clerk recorded in his journal in the following language:

"This cause comes on regularly for hearing this day, Plaintiff appearing in person and by counsel H. H. Eaton, F. P. Christenson and A. C. McDonald, Esqs.

"Defendant appearing in person and by counsel Messrs. McCafferty & Godfrey and S. V. Carey, Esq.

"Defendant's motion for judgment on pleadings is denied. Exception allowed.

"Plaintiffs' exhibits 'A' and 'B', Two deeds, and plaintiffs' exhibits 'C', Files in Cause No. 30641, are filed.

"H. H. Eaton and F. P. Christenson are sworn and examined on behalf of the plaintiffs. Plaintiffs rest.

"Defendant's motion for judgment of dismissal is granted.
"Exception allowed to plaintiff."

On February 29, 1908, the court made and caused to be filed findings of fact and conclusions of law in which it was found and concluded that the appellants had no title to the property in virtue of the deed under which they claimed, but that such deed was a cloud upon the respondent's title, and that respondent was entitled to a judgment quieting her title to the property against the claim of the appellants, and to an order cancelling of record the deed under which they claimed title. A judgment was entered on the same day in accordance with the findings and conclusions so made. On March 10, thereafter, the appellants moved to set aside and vacate the findings and judgment so entered, on the grounds that the same were contrary to the court's ruling and decision at the conclusion of the trial of the cause; that the findings and judgment were procured to be signed without notice to them, and that the findings and judgment were made and entered through inadvertence on the part of the court. The motion to vacate was denied, and this appeal was taken therefrom, as well as from the judgment entered.

The statement of facts contains the proceedings occurring subsequent to the judgment only. These do not support in their entirety the facts assumed to exist by the recitals in the motion. It does not appear that the findings and judgment were made without notice to the appellants. On the contrary, proposed findings were served upon them, and the question of their propriety and sufficiency was the subject of a hearing at which the appellants appeared and contested the right of the court to make findings at all, as well as the propriety of making the particular findings submitted. At the conclusion of this hearing, the question was taken under advisement by the court, and the findings and judgment proposed were subsequently signed and filed, with certain amendments. Notice of the time when this was done was not given the appellants. But this fact does not require a vacation of the findings and judgment. Had the want of notice deprived the appellants of a substantial right which could not be corrected without such vacation, a different question would be presented. But no such condition is involved here. The appellants were not prejudiced by the omission, and error without prejudice does not require reversal.

The principal contention of the appellants is based on the recitals contained in the journal entry above quoted. It is said that this entry furnished indisputable evidence that the court ordered the cause dismissed on motion of the defendant at the time the appellants rested their case in chief, and that the court was thereafter without power to enter any other judgment than a judgment of dismissal; or if power did exist to enter another judgment, that the entry of such a judgment would be at least error requiring reversal on the appeal from the judgment. But we think this is giving too much effect to the journal entry. The rule in this state is that where there is a conflict between the clerk's minute entry of the court's proceedings and the formal written judgment signed by the judge, the latter will control and be

deemed the actual judgment of the court. This was held by us in the case of *State ex rel. Jensen v. Bell,* 34 Wash. 185, 75 Pac. 641, where we prohibited the trial judge from enforcing an order as recorded in the clerk's minutes instead of the order as recorded in the formal written entry signed by him, the orders as recorded being conflicting. The reason for the rule was forcibly stated by Judge Hadley, speaking for the court, in the following language:

"In this instance it appears to the respondent judge that the clerk's minute entry more correctly records his decision than his own signed order, but another time the situation may be reversed. He may then find that the clerk's minutes are inaccurate, and that his own deliberately signed order correctly states his decision. If we should be thus driven from one to the other for evidence as to the actual order of the court, it is evident that frequent confusion might arise. It is therefore manifest that there should be some standard in the record, to which reference may be made as the conclusive evidence of what has been actually decided. We believe, when a written judgment or order has been signed by the court, it should be regarded as such standard. We think it a safe rule to hold that, when the court signs a written order, it shall be considered the evidence of its real and final act touching the subject immediately under consideration."

Applying this rule here, we must hold that the court did not order the action dismissed, as the journal entry recites, but reserved the case for further consideration, and entered its final judgment at a later date.

In the judgment entry it is recited that the "plaintiffs having introduced witnesses who were duly sworn and offered testimony in support of their case and having duly closed their case and rested, the defendant thereupon duly moved the court for judgment for defendant," and the court after hearing counsel and being fully advised orders, adjudges, and decrees, etc. It is argued that this recital shows that all of the testimony introduced was in support of the appellants' case, and in itself precludes the court from entering

any other judgment than a judgment of dismissal with costs
to the respondent, and, hence, in itself shows that the judg-
ment entered was erroneous. But manifestly this recital au-
thorizes the court to enter a judgment against the appellants
upon the merits of the action, absolutely barring them from
maintaining another action against the respondent for the
same cause of action. This the court did do, but added
thereto a clause quieting title to the property in dispute in
the respondent. But since the judgment on the merits was
proper and bars any further right the appellants have in
the property, it can make no difference to them, even though
the court did add something further for the apparent benefit
of the respondent. In other words, that part of the judgment
quieting title in the respondent, if it be erroneous, does not
operate to the prejudice of the appellants, and they cannot
predicate error upon it.

It is contended finally that the findings of fact do not
support the judgment, and that it must be reversed for that
reason. That the findings are faulty in the respect contended
for we think must be conceded, but the conclusion drawn
therefrom does not necessarily follow. A judgment entered
without any findings at all is valid in a case of equitable
cognizance, and it cannot be that one entered on defective
or insufficient findings is in a worse position. Where the find-
ings are complete and it appears therefrom that another and
different judgment from that entered by the court must be
entered to comply therewith, the court will, on appeal, where
the findings alone are brought up, direct the judgment to be
corrected so as to correspond with the findings, but it does
not follow that the court must reverse and remand a cause
merely because the findings are defective. In cases where the
findings are merely defective it will be presumed that the evi-
dence supports the judgment, and if this presumption is to
be overcome, the evidence as well as the defective finding
must be brought to this court. *Enos v. Wilcox*, 3 Wash. 44,
28 Pac. 364; *State ex rel. Orr v. Fawcett*, 17 Wash. 188, 49

Pac. 346; *Gay v. Havermale*, 30 Wash. 622, 71 Pac. 190.

The judgment is affirmed.

Rudkin, C. J., Chadwick, Gose, Crow, Mount, and Dunbar, JJ., concur.