[No. 8450.   Department One.   June 18, 1910.]

Lewis S. Nelson, *Respondent*, v. Sophia J. McPhee, *Appellant*.[1]

Appeal—Record—Review.   Where the record on appeal consists of the pleadings, findings, conclusions, and decree, the only question for review is whether the findings support the decree.

Appeal—Review—Findings.   In the absence of the evidence it will be presumed sufficient to support a decree, although the findings were defective and incomplete.

Divorce—Decree—Construction—Division of Property.   Where the pleadings in a divorce action submitted specified community property to the jurisdiction of the court, praying that an equitable share be apportioned to the wife, a decree, based on findings in favor of the wife, awarding her more than one-half in value of all the property, was intended to set apart such equitable share, and left the balance standing in the husband's name as his share, although not mentioned in the decree, free from any claim of the wife; and the fact that she joined in a mortgage thereof pending appeal is not evidence that she retained an interest therein.

Appeal from a judgment of the superior court for King county, Canfield, J., entered June 24, 1909, upon findings in favor of the plaintiff, in an action to quiet title, after a trial on the merits.   Affirmed.

*Corwin A. Townsend* and *Hastings & Stedman*, for appellant.

*Herr, Bayley, Wilson & Smith*, for respondent.

Morris, J.—Action to quiet title, decree for plaintiff, and defendant appeals.   Respondent alleged ownership of lot 12, block 37, Heirs of Sarah A. Bell's second addition to Seattle, by virtue of mesne conveyances, and prayed to have his title quieted as against appellant.   The answer admitted the conveyances pleaded by respondent, denied his ownership, and set forth an ownership in appellant of an undivided one-half interest.

[1] Reported in 109 Pac. 305.

The only record before us consists of the pleadings, findings of fact, conclusions of law, and decree, and hence the only question to be considered on the appeal is whether the findings support the decree. The findings recite that, on January 15, 1889, the appellant was the wife of Jacob Scoland, and that on said day. the lot in suit was conveyed to Jacob Scoland; that on May 20, 1891, appellant commenced an action against her then husband, Jacob Scoland, praying for a divorce; that the husband appeared in such action and on September 5 a decree was entered awarding a decree to appellant; that in the complaint in the divorce action appellant alleged the community property of the parties to be a lot on the northwest corner of Lenora and Tenth streets (which is the location of the property in suit), and a property known as 1413 Eighth street; that in addition to the personal property described in the complaint, the court in the divorce action found that the husband had an interest in a towboat, and allotted to the wife the property known as 1413 Eighth street as her separate property for her support and the education of the children of the parties, and found a lot described as lot 6, block 49, second addition of the Heirs of Sarah A. Bell, was the separate property of the wife; that the wife was also allotted the household furniture, and made other allowances; that said decree was appealed from and was on appeal sustained by this court; that there is no mention made in the decree granted the wife of lot 12, block 37, second addition of the Heirs of Sarah A. Bell, nor is there any mention made of the personal property referred to in the findings; that on October 15, 1891, Jacob Scoland and his wife Sophia executed a mortgage on lot 12, which was subsequently satisfied; that on January 19, 1892, the same parties executed a second mortgage to the same mortgagee, upon lot 12, which was also thereafter satisfied; that on October 15, 1892, Jacob Scoland alone executed a mortgage to the same Anna O. Miller, on lot 12, which was thereafter duly satisfied, and that on October 18, 1893, Jacob

Scoland, describing himself as an unmarried man, conveyed lot 12 to Anna O. Miller. The court finds further that there is no estoppel established, nor is a plea of the statute of limitations sustained, nor is there evidence showing ouster, nor demand on the part of respondent, for any money expended by him on account of lot 12. Then follows a conclusion of law, in which the court sets forth its belief that in the divorce action the trial court considered that the property awarded to the wife was an equitable distribution to her from the community property, and that the property not given to the wife was intended to remain the separate property of the husband. The court then further concludes that the respondent is entitled to a decree quieting his title against any claim or interest of appellant, and orders a decree accordingly.

The appellant now contends that these findings do not support the conclusions nor the decree based thereon, for the reason that nowhere in the findings is there any statement of fact justifying the court in concluding that respondent was the owner of lot 12. It is apparent from a mere inspection of the findings as we have recited them that they are extremely meager and incomplete. The court below evidently had the entire record in the divorce proceedings before him, and in the present case, instead of setting forth the findings of fact, conclusions of law, and decree in the divorce case, as his finding of fact, and basing thereon his decree, the court gives by way of findings of fact in this case a. summary of his interpretation of what is established and what is not established by the record in the divorce action. The findings being manifestly defective and incomplete, it does not follow that the decree must be reversed. Rather does it follow, as we have uniformly held, that in the absence of the evidence upon which the court below based its findings, we will presume the evidence was sufficient to support the decree. The only way to overcome this presumption is to bring the evidence as well as the findings before us. *Enos v. Wilcox*, 3

Wash. 44, 28 Pac. 364; *State ex rel. Orr v. Fawcett,* 17 Wash. 188, 49 Pac. 346; *Gay v. Havermale,* 30 Wash. 622, 71 Pac. 190; *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029. This disposes of the suggested error.

We have, however, felt at liberty to examine the record in the divorce case of *Scoland v. Scoland,* 4 Wash. 118, 29 Pac. 930, in view of the opinion therein expressed that "the division of their property was not unfair," for the purpose of ascertaining what that division was, and thus satisfy our minds as to the equity of the decree of the court below, and in view of the fact that in the findings before us the court below, having before it the same record as induced this court on the Scoland appeal to say the division of the property was fair, has not attempted to make any finding of the disposition of the property other than to refer to that which was awarded to the appellant.  By the pleadings in the *Scoland* case the following property was submitted to the jurisdiction of the court:  House and lot described as 1413 Eighth street, valued at $5,000; the northwest corner of Lenora and Tenth street, which is the lot 12 in question in this action, valued at $2,000, upon which there was a mortgage of $1,680; lot 6, block 49, 2d Add. Heirs of Sarah A. Bell, at 11th and Olive, valued at $2,000; and the following personal property:  A one-third interest in the tug Rainier, valued at $3,500, and stock in the Seattle Drydock & Shipbuilding Company of the par value of $1,800.  All the above property was conceded to be community property, except lot 6, which the wife claimed the husband had given to her as her separate property about two years prior.  The prayer of the wife's complaint was, "That the court will award to her out of the community property her fair and equitable portion thereof." The findings of fact were in favor of the wife, holding lot 6 as her separate property and given to her as such by her husband.  The other property was found to be the community property of the parties, and the values fixed as above given.  The court then made its decree, based on its conclu-

sions of law which followed the finding, and in the decree the
court granted the wife's prayer, and set apart to her what
it adjudged to be her equitable portion of the property, viz.,
lot 6, block 49, the house and lot described as 1413 8th
street, all the household furniture, and $250 attorney's fee.
Thus it will be seen that the values awarded to the wife
amounted to $7,250, not including the furniture, upon which
no valuation was placed. The value of the remaining prop-
erty, less the mortgage on lot 12, was $6,520. It is clear
from all these circumstances that the purpose and intent of
the decree was to pick out and set apart to the wife her
equitable share of the property, leaving the remainder not
thus included, all of which was personal property except lot
12 (the title to which was in the husband's name), as the
husband's share of the property. This was evidently what
this court had in mind when it used this language in its
opinion, "the division of the property was not unfair."

It, therefore, appears to us that the conclusion reached by
the court below was an equitable one. Some stress is laid
by appellant on the fact that, after the divorce, she joined in
the first two mortgages, and it is argued that this is evi-
dence of the fact that she was then regarded as having an
interest in lot 12. The divorce was granted September 5,
1891, and an appeal taken to this court. That appeal was
not decided until April 7, 1892. In the interim the mort-
gages dated October 15, 1891, and January 19, 1892, had
been given. It is clear that, until the decision of the appeal,
the parties could not know what their property rights would
be, and hence the mortgagee might well have insisted that
both join in the execution of the mortgages. It will be noted
that, when the third mortgage was given to the same mort-
gagee, in October, 1892, after the decision of the divorce
appeal, the husband alone executed it, as he did the deed in
October, 1893; thus evidencing the fact that, after the de-
cision here, the husband at least claimed lot 12 as his own.
To our mind this is a strong circumstance in favor of the

respondent, and not a supporting element in the contention of appellant. These considerations lead us to an affirmance of the judgment, and it is so ordered.

RUDKIN, C. J., GOSE, and CHADWICK, JJ., concur.