[No. 11641. *En Banc.* December 14, 1914.]

HENRY HARBICAN, *Respondent*, v. CHARLES L. CHAMBERLIN
et al., *Appellants*, FRANK McALISTER *et al.*,
*Defendants.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS—
NECESSITY. Where the findings in a decree of foreclosure are not
commingled with the decree proper and are separately stated and
numbered, there can be no review of the evidence on appeal, when
not excepted to, where no part of the error relied upon is the rejection
of evidence; since Rem. & Bal. Code, § 382, providing that exceptions
are not necessary to rulings embodied in a written judgment, also
provides that this section shall not apply to findings of fact in a
decision of a court or judge tried without a jury, and Id., § 1736, pre-
cludes any review of the evidence in the absence of exceptions to the
findings.

MORTGAGES—FORECLOSURE—ASSUMPTION OF MORTGAGE—FINDINGS—
SUFFICIENCY. In the absence of any exceptions, findings for a de-
cree of the foreclosure of a mortgage to the effect that subsequent
to the mortgage, the premises were, by mesne conveyances, trans-
ferred and sold to the defendant C. and wife, who "assumed and
agreed to pay said note and mortgage according to its terms," are
sufficient to support a deficiency judgment against C. and wife upon
their assumption; since (1) it does not affirmatively appear that
there was in fact any gap in the assumptions in the chain of mesne
conveyances through which the appellant's claim, and (2) the deed
to defendants in which it is found that they expressly assumed the
mortgage, imports a consideration; and since, where findings are
merely defective, it will be presumed that they are supported by the
evidence.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered May 29, 1913, upon find-
ings in favor of the plaintiff, after a trial to the court. Af-
firmed.

*Geo. W. Shaefer, Charles L. Chamberlin,* and *Post, Avery
& Higgins,* for appellants.

*Cordiner & Cordiner,* for respondent.

[1]Reported in 144 Pac. 717.

ELLIS, J.—This is an action by the assignee to foreclose a mortgage, and to recover judgment against subsequent purchasers of the mortgaged premises who, it is alleged, assumed the debt. In the complaint, it is alleged that, on June 18, 1907, the defendants McAlister and wife, being then the owners of a certain lot in the city of Spokane, gave to one Major a mortgage thereon to secure the payment of a note for $6,150 and interest. It is then alleged:

"That thereafter the said J. M. Murchie and Isabel Murchie, two of the above named defendants, purchased said lot five and assumed and agreed to pay said note and said mortgage according to the tenor thereof; that thereafter the said Charles Chamberlin and Sadie W. Chamberlin, husband and wife, two of the above named defendants, purchased said lot five on block thirty-three in Cannon's Addition and assumed and agreed to pay said note and mortgage according to the tenor thereof, all of which is more fully shown by the records on file in the auditor's office of Spokane County, Washington; and that on or about the — day of March, 1912, Frank E. Leland and Sarah T. Leland, husband and wife, two of the above named defendants, purchased said lot five in block thirty-three in Cannon's Addition to Spokane Falls (now Spokane), Washington, from the said Charles Chamberlin and Sadie W. Chamberlin and assumed and agreed to pay said note and mortgage according to the tenor thereof."

There is then set up a second cause of action for the foreclosure of a second mortgage. With this, we are not concerned. It is averred that both mortgages and the notes secured thereby have been assigned by the mortgagees to the plaintiff, who is now the owner of the same and that the debts secured are unpaid. The prayer is for the usual decree foreclosing the mortgages, for a sale of the property, for an application of the proceeds to the payment of the amounts found due, and that the plaintiff have judgment and execution against the defendants and each of them for the deficiency, if any, that may remain after so applying the proceeds.

The court's findings of fact are embodied in the decree, but they are separately stated and set out in paragraphs numbered from one to ten, inclusive, and are followed by the decree proper, also set out in separate paragraphs numbered from one to seven, inclusive. The court, after finding the execution of the note and mortgage sued on in the first cause of action, and the plaintiffs' ownership thereof, found that:

"(4) Thereafter the premises described in said complaint and said mortgage, to wit: lot five (5), in block thirty-three (33) in Cannon's Addition to Spokane Falls (now Spokane), Washington, were, by mesne conveyances, transferred to the said Charles L. Chamberlin and Sadie W. Chamberlin and by them sold and transferred to the defendant Sarah T. Leland and that the said Sarah T. Leland, Charles L. Chamberlin and the community consisting of the said Charles L. Chamberlin and Sadie W. Chamberlin, his wife, assumed and agreed to pay said note and said mortgage according to the terms thereof."

There is, also, a finding of the amount due to the plaintiff on the mortgage contained in the first cause of action and that the same is due from the defendants McAlister and wife, Sarah T. Leland, Charles L. Chamberlin and the community consisting of Charles L. Chamberlin and Sadie W. Chamberlin, husband and wife. It is then found: "(10) That each and all of the allegations and averments in the plaintiff's complaint are true and correct." No exceptions whatever were taken to any of the findings.

The decree was entered on May 29, 1913. It awarded a personal judgment against the defendants McAlister and wife, Sarah T. Leland, Charles L. Chamberlin, and the community consisting of Chamberlin and wife, on the first cause of action, directed a sale of the mortgaged property to pay the same, and directed the docketing of a judgment against them for the amount of any deficiency remaining after the application of the proceeds of sale upon the judgment. On July 12, 1913, the land was sold by the sheriff and bid in by the plaintiff for $4,500. The sheriff's return shows a de-

ficiency of $3,649.41. The defendants presented their proposed findings on July 15, 1913. This was, of course, too late to be of any avail. On July 22, 1913, the defendants Chamberlin appealed.

The respondent objects to any consideration of the statement of facts and moves that it be stricken and the judgment affirmed on the ground that no exceptions were taken to any of the court's findings. The appellants claim that no exceptions were necessary because the findings were included in the decree. The findings, however, were not commingled with the recitals of the decree proper, but were separately stated and numbered. They were followed by the decree which was introduced by the words, "Now, therefore, it is hereby ordered, adjudged and decreed." They were evidently intended as the findings of fact upon which the decree was based. The case is thus distinguished from *McAllister v. McAllister*, 28 Wash. 613, 69 Pac. 119, and *Hagen v. Bolcom Mills*, 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051, in which, as the opinion in each case shows, no recitals which could properly be denominated findings of fact were either separately made or included in the decree. The statute provides:

"It shall not be necessary or proper to take or enter an exception to any ruling or decision mentioned in the last section which is embodied in a written judgment, order or journal entry in the cause. But this section shall not apply . . . to findings of fact or conclusions of law . . . in a decision of a court or judge upon a cause or part of a cause, either legal or equitable, tried without a jury." Rem. & Bal. Code, § 382 (P. C. 81 § 671).

This section, and § 1736 of Rem. & Bal. Code (P. C. 81 § 1225), clearly preclude any review of the evidence in the absence of exceptions to the findings, though included in the decree, where, as here, no part of the error relied upon is the rejection of evidence. The statement of facts must be stricken. *Berens v. Cox*, 70 Wash. 627, 127 Pac. 189; *Yakima*

*Grocery Co. v. Benoit,* 56 Wash. 208, 105 Pac. 476; *Fender v. McDonald,* 54 Wash. 130, 102 Pac. 1026. The lack of exceptions prevents us from inquiring into the sufficiency of the evidence to sustain the findings. Our review is thus confined to the single inquiry, Are the findings sufficient to support the decree? *Nichols v. Capen,* 79 Wash. 120, 139 Pac. 868.

The appellants advance the single claim that a grantee of mortgaged premises, taking through mesne conveyances, and whose immediate deed contains a clause by which, in terms, he assumes the mortgage and agrees to pay the mortgage debt as a part of the purchase price, cannot be held personally liable for the debt or for any deficiency remaining on foreclosure of the mortgage, when any prior grantee in the chain of mesne conveyances did not assume the mortgage. Since we cannot review the evidence, it is obvious that it will be unnecessary to decide this question unless it can be said that the findings show a gap in the chain of assumptions. Assuming, without deciding, that such an hiatus would defeat the claim to the right of a personal judgment against the appellants, where there is no independent consideration for the assumption, still, under our uniform decisions, the findings here must be held sufficient to support the decree for two reasons: (1) because it does not affirmatively appear from the findings that there was in fact any gap in the assumptions in the chain of mesne conveyances through which the appellants claim; (2) because the deed to the appellants in which it is affirmatively found that they did expressly assume the mortgage, imports a consideration.

The appellants reverse our first proposition, and argue that, inasmuch as the court did not affirmatively find that there was an unbroken chain of assumptions, the findings are insufficient to support the personal judgment against them. The court, however, did find the ultimate fact necessary to sustain the judgment, namely, that the appellants "assumed and agreed to pay said note and said mortgage according to

the terms thereof." So far as we are advised, no court has yet held that the failure to find every probative fact necessary to the establishment of the ultimate facts upon which a decree is founded, will, in the absence of a timely request for such complete findings, render the findings of the ultimate fact insufficient to sustain the decree. This court has uniformly held to the contrary. To sustain the appellants' view would place upon the trial judge the intolerable burden of making, on its own initiative, a specific finding on every probative fact of which there was any evidence. It would require him to make the findings almost as voluminous as the statement of facts on pain of a reversal for insufficient findings. Indulging every intendment against the findings, the most that can be said of them, in the absence of the evidence, is that the fourth finding is defective or incomplete. We have consistently held that, where the findings are merely defective, it will be presumed that the evidence supports the judgment. If this presumption is to be overcome, the evidence, as well as the defective finding, must be brought to this court in such manner and upon such exceptions as to enable us to review it. *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029; *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201; *Nelson v. McPhee,* 59 Wash. 103, 109 Pac. 305. The true rule is that the decree of a trial court in an action of equitable cognizance is entitled to every presumption necessary to sustain it, in the absence of an affirmative showing in the finding itself that the necessary facts to sustain it did not exist. *Magee v. Risley, ante* p. 178, 143 Pac. 1088. The recent decision in *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, does not combat, but illustrates, the sound limits of this rule. In that case, the findings were neither defective nor incomplete. They were full and specific. The facts affirmatively found negatived the correctness of the judgment, which is the direct converse of the case here presented.

It will not do to say that the specific finding that the appellants assumed the mortgage was, in the absence of a further finding, that all grantees in the chain also assumed it, a mere conclusion. That objection, like those to other defects in findings, can only be raised by exceptions taken in the court below. *Lauridsen v. Lewis,* 50 Wash. 605, 97 Pac. 663.

However reluctant, we are forced to hold that we cannot review the evidence. The finding that the appellants in fact assumed the mortgage and promised to pay the debt imports a valid consideration, in the absence of evidence to the contrary. We must assume, in support of the decree, that there was evidence either of a continuous line of assumptions or that there was proof of an independent consideration for the promise.

The judgment is affirmed.

CROW, C. J., GOSE, MORRIS, FULLERTON, MOUNT, MAIN, and PARKER, JJ., concur.