[No. 14234.  Department One.  February 5, 1918.]

# J. Z. SMITH, *Plaintiff*, v. DEMENT BROTHERS COMPANY, *Appellant*, CARL COON *et al., Defendants,* SAM L. COON *et al., Respondents.*[1]

INTERPLEADER—BY GARNISHEE—PENDENCY OF GARNISHEE ACTION. Under Rem. Code, §§ 199-201, authorizing an action of interpleader by any person holding funds claimed by others in which he has no interest, in which action the court may determine the superior right or title, a garnishee may maintain interpleader where the garnisheed property is claimed by a stranger, and the court has jurisdiction of the action regardless of the pending garnishee suit.

INTERPLEADER—DEFENSES—WAIVER.  After tendering issue and proceeding to trial in an action of interpleader brought by the garnishee, the plaintiff in the garnishee action cannot object that his rights are not determined in the original action.

FRAUDULENT CONVEYANCES—LEASED LANDS—CROPS BELONGING TO TENANT.  Where a farm lease was transferred in fraud of creditors before seeding time or the doing of any work, the creditors cannot recover crops from the transferee who entered and cultivated the land on his own account.

APPEAL—REVIEW—FINDINGS.  An action of interpleader under Rem. Code, §§ 199-201 being of an equitable nature, findings of fact are not necessary to sustain the judgment.

SAME.  Indefinite and incomplete findings are, in the absence of the evidence, presumed to be based upon sufficient facts and cannot be reversed on appeal.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 9, 1917, upon findings in favor of certain defendants, in an action of interpleader, tried to the court.  Affirmed.

*J. G. Thomas* and *W. A. Toner,* for appellant.
*Sharpstein, Smith & Sharpstein,* for respondents.

WEBSTER, J.—This is an action of interpleader.  The complaint alleges, in substance, that Dement Brothers Company, a corporation, commenced an action in the

[1]Reported in 170 Pac. 555.

superior court for Walla Walla county against defend-
ants Carl Coon and Eva Coon, his wife, claiming an
indebtedness against them in the sum of $3,205.26, to-
gether with interest thereon at the legal rate from
November 4, 1916; for the further sum of $439.05, with
interest from July 5, 1916, at the rate of eight per
cent per annum; for the sum of $49.45, with interest
from November 4, 1916, at the legal rate, and for the
further sum of $50 as attorney's fees, and in such ac-
tion caused a writ of garnishment to be issued directed
to J. Z. Smith, plaintiff herein; that, prior to the serv-
ice of the writ, Sam L. Coon, respondent herein, had
indorsed to the plaintiff certain warehouse wheat re-
ceipts, whereby the plaintiff purchased from Sam L.
Coon certain wheat evidenced thereby, and at the date
of the service of the writ on him the plaintiff, J. Z.
Smith, had in his possession the sum of $5,867.20, rep-
resenting the purchase price of said wheat; that De-
ment Brothers Company claim to be entitled to receive
from the plaintiff, by virtue of the writ of garnish-
ment, the several sums alleged due it from Carl Coon;
that Sam L. Coon claims that the wheat so sold to the
plaintiff, J. Z. Smith, is the property of Sam L. Coon,
and demands that the plaintiff pay to him the amount
of money in plaintiff's possession as the purchase price
of the wheat; that the plaintiff is unable to determine
to whom the money held by him should be paid, or any
part thereof; that plaintiff claims no interest whatever
in the money, except to see that the same is paid to the
person or persons rightfully entitled thereto, and al-
leging that he pays the money into court that the
claims, rights and interests of the parties thereto be
adjusted and adjudged by the court.

Service of the summons and complaint, by receipt of
a true and correct copy thereof, was admitted on
November 21, 1916, by Sam L. Coon and Florence G.

Coon, defendants, and by Dement Brothers Company, defendant, by W. A. Toner, its attorney. Though Carl Coon and Eva Coon, his wife, were made parties to this action, neither the plaintiff's complaint nor the pleadings of the other defendants were personally served upon them; however, service of a copy of the answer of Dement Brothers Company was admitted by Sharpstein, Smith & Sharpstein, as attorneys for defendants Carl Coon and wife and Sam L. Coon and wife.

Dement Brothers Company answered the complaint by alleging affirmatively that, during the year 1916, defendants Carl Coon and Sam L. Coon, who are brothers, were engaged in farming certain premises in Walla Walla county under lease from the owners to Carl Coon; that Carl Coon and Sam L. Coon held out to the world, and to Dement Brothers Company in particular, that Carl Coon was the real owner and proprietor of the farming operations, and particularly that he owned the lease, livestock, crop and machinery with which he was engaged in farming; that, on the faith and credit of such ownership, Dement Brothers Company sold to defendant Carl Coon wheat sacks and twine for use in his harvesting operations, of the value of $438.05, for which sum Carl Coon gave to Dement Brothers Company his note dated July 5, 1916; that Dement Brothers Company furnished Carl Coon other sacks and twine on open account after July 5, 1916, for which there was due it on November 4, 1916, the sum of $49.45. It further alleged that, on August 4, 1916, defendant Carl Coon, by agreement in writing, sold to Dement Brothers Company 6,000 bushels of Bluestem wheat, 201 sacks of Turkey Red wheat, and 500 bushels of Fortyfold wheat, agreeing to make delivery thereof by September 30, 1916, the same to be all of the vendor's share of the wheat raised on the premises, which contract

was by a writing extended as to the time of delivery of the wheat; that, prior to the time the wheat was to be delivered, Carl Coon sold and delivered a part thereof to other parties and transferred to Sam L. Coon the wheat for which receipts were by Sam L. Coon delivered to the plaintiff J. Z. Smith, Dement Brothers Company having purchased the same from Smith and paying therefor the money which the plaintiff herein paid into court; that, by reason of the breach of the contract on the part of Carl Coon, there is due Dement Brothers Company from Carl Coon the sums mentioned in the plaintiff's complaint as being claimed by it from Carl Coon, to recover which sums its action was then pending against Carl Coon and wife, Eva Coon; that, at the time of commencing that action, it had no notice or knowledge of the claim on the part of Sam L. Coon to any of the wheat, and that the property stood in the name of Carl Coon. It was further alleged in this answer that Carl Coon and wife, since the commencement of the garnishment action, have been insolvent; that the wheat receipts indorsed by Sam L. Coon to the plaintiff Smith were in truth and fact the property of Carl Coon; that, if Sam L. Coon has any interest therein, he is a dormant or silent partner of Carl Coon in his operations, and as such is liable to Dement Brothers Company for the payment of all amounts due it from Carl Coon; that Dement Brothers Company is entitled to receive out of the funds in court the amounts stated in the complaint as claimed by it, expressly disclaiming any right to the balance of the money deposited in court by the plaintiff.

Defendants Sam L. Coon and wife answered the complaint and replied to the answer of defendant Dement Brothers Company by putting in issue all of the affirmative allegations of the answering defendant, and further pleading their ownership of the wheat evidenced

by the certificates indorsed to the plaintiff, and their ownership of the entire fund deposited into court by the plaintiff; also, expressly denying that Carl Coon or Eva Coon, his wife, had any title or interest whatsoever therein. No pleading was filed in this action by defendants Carl Coon or Eva Coon, though the former was called and testified as a witness.

The cause was tried without a jury. The court made findings of fact and decreed that Dement Brothers Company was not entitled to any judgment in its favor, but that Sam L. Coon and wife were entitled to have the action dismissed as to Dement Brothers Company, and that they have and recover the entire fund deposited in court by the plaintiff. Dement Brothers Company has appealed.

The position of the appellant is not made clear by the opening brief. On page 9 thereof, it says:

"The assignments of error practically involve only the decision of the court with reference to awarding Dement Brothers Company relief by directing the clerk to hold a sufficient amount of the funds in court to pay any judgment that might be awarded by the court in the case of Dement Brothers Company against Carl Coon and no useful purpose can be served by discussing separately the assignments of error for the determination of this one matter includes the decision of the whole case."

It would seem that appellant's theory of the case is that the court could not determine in this proceeding the ownership of the fund which the plaintiff had deposited in the registry of the court; or that, in any event, it could go no further than to distribute the balance, after having held sufficient of the fund to satisfy any judgment that might be rendered in its suit against Carl Coon wherein a writ of garnishment had issued against the plaintiff in this action.

We are unable to accede to this view. The sections of the statute governing this class of cases provide:

"Anyone having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action." Rem. Code, § 199.

"In all actions commenced under the preceding section, the plaintiff may disclaim any interest in the money, property, or indebtedness, and deposit with the clerk of the court the full amount of such money or indebtedness, or other property, and he shall not be liable for any costs accruing in said action. And the clerks of the various courts shall receive and file such complaint, and all other officers shall execute the necessary processes to carry out the purposes of this section, and also sections 199 and 201 of this code, free from all charge to said plaintiff, and the court, in its discretion, shall determine the liability for costs of the action." Id., § 200.

"Either of the defendants may set up or show any claim or lien he may have to such property, money, or indebtedness, or any part thereof, and the superior right, title, or lien, whether legal or equitable, shall prevail. The court, or judge thereof, may make all necessary orders, during the pendency of said action, for the preservation and protection of the rights, interests, or liens of the several parties." Id., § 201.

The issues raised by the pleadings bring the case squarely within the provisions of the statute. *Seattle v. Turner*, 29 Wash. 515, 69 Pac. 1083; *Daulton v. Stuart*, 30 Wash. 562, 70 Pac. 1096.

The fact to be determined was the superior right or title to the fund which represented the purchase price of the wheat evidenced by the certificates. This in turn involved the ownership of the wheat. The appellant

asserted ownership in Carl Coon, his debtor, which, if established, would subject the fund to the amount of its judgment against Carl Coon. On the other hand, the respondent Sam L. Coon asserted ownership in himself and denied that Carl Coon had any interest therein. To entitle the appellant to the relief sought, either by judgment in the present action, assuming that Carl Coon was properly before the court, or by a retention of the fund sufficient to satisfy a judgment that might be rendered in the garnishment action, it must necessarily establish ownership of the property in Carl Coon. For this purpose it called witnesses and offered proofs; likewise, the respondents introduced evidence in behalf of their claim of ownership. After a trial, the court resolved the issue against appellant by awarding respondents the entire fund, and denying the appellant any judgment in its behalf. Clearly the court had jurisdiction of the subject-matter and of the rival claimants to the fund in controversy. It is immaterial whether it had jurisdiction to render a personal judgment in appellant's favor against Carl Coon. Moreover, having tendered the issue and proceeded to a trial on the merits, appellant is in no position to assert that its rights should have been determined in the garnishment proceeding.

The remaining question to be determined is whether the judgment of the trial court should be sustained. It is urged that, upon the findings made, the judgment should have been for the appellant. The findings are indefinite and uncertain. In fact there is no finding whatever upon the principal issue, the ownership of the wheat for which the certificates were issued. It is true, the court found that the oral lease of the premises from the owner to Carl Coon was transferred by him in fraud of his creditors to Sam L. Coon, who had full knowledge of such fraudulent intention. But, at the

time of the transfer, the oral lease was of no value, either present or potential. It was merely the assignment to respondent of Carl Coon's right to go upon the land and farm the same, paying to the owner one-third of the crops grown thereon as the rental value for the use and occupancy of the premises. No grain had been sown, no work had been done, no tangible asset was passed in fraud of creditors, or at all. It is contended that thereafter Carl Coon mortgaged the crop to be grown on the premises, and otherwise represented himself to be the owner thereof, and by means of such representations induced the appellant to incur a portion of the indebtedness for which relief is sought. But there are no findings that respondents knew or acquiesced in the acts or representations of Carl Coon, or that they stood by and permitted the same to be made with knowledge that the appellant would rely thereon. The essential elements of estoppel are noticeably wanting in the findings. Nor is there any finding that the crop grown on the premises was not in fact the property of the respondents. Assuming that they were fraudulent grantees of the oral lease, they had the right, as against their assignor, to plant the same and grow crops thereon which the creditors of the fraudulent grantor could not reach. In 20 Cyc., at page 368, the rule with this respect is stated:

"But if a fraudulent grantee enters into possession and cultivates the land upon his own account, the grantor's creditors cannot reach and subject the annual crops. They can only attach and levy upon what their debtor owned and fraudulently conveyed. The same is true of other property produced by the grantee."

As before stated, there is no affirmative finding that the wheat for which the certificates were issued to Sam L. Coon was the property of Carl Coon, neither is there

any such finding that it was or was not the property of the respondents; yet the decree awarding the entire fund to the respondents and denying the claim of the appellant, necessarily determines the ownership in respondents.

There is no statement of facts in this case and the evidence upon which the decree is based is not before us. This is a proceeding of an equitable nature and no findings of fact were necessary. Hence, though the findings made are indefinite, uncertain and incomplete, in that they are silent where they ought to speak, yet the judgment, presumably based upon facts not disclosed by the findings, cannot be reversed when the evidence is not before us for review. *Rea v. Eslick,* 87 Wash. 125, 151 Pac. 256; *Cook v. Washington-Oregon Corp.,* 84 Wash. 68, 146 Pac. 156, 149 Pac. 325; *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717; *Magee v. Risley,* 82 Wash. 178, 143 Pac. 1088; *Nelson v. McPhee,* 59 Wash. 103, 109 Pac. 305; *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201; *Clambey v. Copland,* 52 Wash. 580, 100 Pac. 1031; *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029.

In *Thompson v. Emerson, supra,* the rule peculiarly applicable to this case is well stated by Judge Fullerton:

"It must be conceded also that the findings are defective in the respect complained of. But it does not follow from this that the decree is void because of this defect. In an action of equitable cognizance, such as this one, there is a wide difference between the omission to find that an essential element governing the right to recover existed, and an affirmative finding that it does not exist. Since no formal findings of fact are necessary to support a decree in equity, it must follow that merely defective or incomplete findings will not render a decree invalid; for surely if the decree is valid without any findings at all, it cannot be in a worse

position simply because it is accompanied by defective or, incomplete findings. A decree without findings, or defective or incomplete findings, is sustained on the principle that the proceedings of courts of superior and general jurisdiction are presumed to be regular. In other words, error must appear affirmatively; it is not presumed from any mere defect or omission in matters that are not essential to be shown in order to constitute a valid record. So in the case before us, since it was not necessary that there be findings to support the decree, incomplete or defective findings will not invalidate it. The court will presume, in order to sustain the decree, that it was warranted by the evidence. Had the findings shown affirmatively that no tender had been made, a different question would have been presented; there would then have been no room for the presumption of regularity, and the decree would have been reviewed for error. But such a result does not follow from an omission in the findings.''

Counsel for appellant assert that the affirmance of the judgment in this case will open a field for the legal perpetration of a systematic fraud. Our answer is that, if counsel desire from this court a disapproval of alleged fraudulent conduct, the record should be brought here in such condition as to present the question for review.

The judgment is affirmed.

ELLIS, C. J., PARKER, and MAIN, JJ., concur.

FULLERTON, J., concurs in the result.