[No. 9851.  Department Two.  November 10, 1911.]

# W. L. BEDDOW, *Receiver etc., Appellant,* v. R. J. HUSTON, *Respondent.*[1]

· CORPORATIONS—INSOLVENCY—STOCK SUBSCRIPTIONS — PAYMENT IN OVERVALUED PROPERTY—ENFORCEMENT—ACTION BY RECEIVER—FRAUD— COMPLAINT—SUFFICIENCY.· A complaint by a receiver of an insolvent corporation having liabilities of about $4,000, against a stockholder to recover $240,000 due on his subscription, by reason of the fact that he had attempted to pay for the same in property taken at an overvaluation, does not state a cause of action, where it merely alleges that the court directed the receiver to proceed against him as one of the stockholders, without any notice having been given to stockholders or any determination of the amount necessary to be paid by each stockholder, the court having no power to single out a single stockholder; and where it fails to allege that the creditors of the corporation had no knowledge that the stock was paid for in property of less value than the face value of stock and were misled in that connection.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 14, 1911, upon sustaining a demurrer to the complaint, dismissing an action by a receiver to recover from a stockholder on his subscription to the capital stock of a corporation.  Affirmed.

*Byers & Byers,* for appellant.

*Chas. F. Munday,* for respondent.

MORRIS, J.—Appeal from a judgment of dismissal entered upon the sustaining of a demurrer to the complaint. The complaint, in so far as it is material to the question involved, alleged the capital stock of the corporation to be $250,000, of which respondent held all but four shares, and for which he paid by transferring to the corporation real estate worth not to exceed $6,000; that the assets of

[1]Reported in 118 Pac. 752.

the corporation were $1,363.22, and its liabilities more than $5,000. It was then alleged:

"(5)    That by an order of the said superior court duly made and entered on January 12, 1910, the plaintiff as receiver was duly authorized and directed to bring suit against the said defendant on his subscription to the capital stock of said corporation."

"(7)    That after January 12, 1910, and prior to the commencement of this action, the above named defendant was duly notified by your receiver that the superior court had made an order directing your receiver that demand be made on him for the sum of $240,000, and that all steps necessary and proper be taken to enforce said demand against him, and then and there the said Huston notified your receiver that he would not make any adjustment of the claim . . . ."

Judgment is then demanded against respondent for $240,-000.

This complaint does not state a cause of action against respondent, and the demurrer was properly sustained. The order referred to in paragraph five of the complaint was of no value. The court was not empowered to single out one stockholder and direct proceedings against him alone for $240,000, when the admitted liabilities of the corporation were less than $4,000. Any order the court might make should direct proceedings against all stockholders whose stock subscriptions were unpaid, for such an amount as, together with the admitted assets, would be sufficient to meet the liabilities and the cost of the receivership. The stockholders were entitled to notice of such a proceeding, in order that they might contest the liabilities of the corporation and their liability upon their unpaid stock. The court could then determine the liabilities, and the proper amount to be assessed against or paid by each stockholder, and could then direct the bringing of suits to recover the amounts determined, if not voluntarily paid. Such a liability, however, could only be determined upon notice to the stockholder and giving him his day in court. It could not be determined, as

it was here, in an *ex parte* proceeding. This right of stockholders in an insolvent corporation has been so fully and recently discussed in *Grady v. Graham*, 64 Wash. 436, 116 Pac. 1098, that nothing further need be said. See, also, *Felker v. Sullivan*, 34 Colo. 212, 83 Pac. 213; *Scoville v. Thayer*, 105 U. S. 143.

Another bad feature of the complaint is its failure to allege that the creditors, in whose behalf the suit was instituted, had no knowledge that the stock was paid for in property of less value than the face value of the stock. Unless the creditors were misled in this connection, there was neither actual nor constructive fraud as to them in the corporation's exchanging its stock for property of a fictitious value. *Turner v. Bailey*, 12 Wash. 634, 42 Pac. 115; *Adamant Mfg. Co. v. Wallace*, 16 Wash. 614, 48 Pac. 415.

Appellant relies upon *Davies v. Ball*, 64 Wash. 292, 116 Pac. 833, as supporting the complaint. That case, in so far as the questions are similar to those here presented, announces the same rule as is here announced, and cited *Adamant Mfg. Co. v. Wallace, supra,* for its authority.

Other questions are discussed in the briefs, but what we have said is sufficient to show the demurrer was well taken, and the judgment is affirmed.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.