[No. 12544.  Department Two.  August 31, 1915.]

# J. V. REA, as Receiver etc., Respondent, v. S. A. ESLICK, Appellant.[1]

PLEADING—DEMURRER—WAIVER—AMENDMENT.  While the objection that the complaint fails to state a cause of action may be made at any time, it is waived by answering and going to trial, whereupon the complaint will be deemed amended to conform to the proof.

CORPORATIONS—STOCK SUBSCRIPTIONS—ACTIONS—CONDITION PRECEDENT.  It is a condition precedent to an action by a receiver of an insolvent corporation to collect an unpaid stock subscription that notice and an opportunity be given the stockholders to be heard upon the validity of the claims against the corporation and that on such notice an order be made directing suit for the pro rata amount necessary to be collected from each stockholder.

APPEAL—RECORD—FINDINGS.  In the absence of the evidence on appeal, the findings will be taken as stating the facts.

CORPORATIONS — STOCK SUBSCRIPTIONS — CONDITIONS PRECEDENT — FINDINGS—CONSTRUCTION.  In an action by a receiver upon a stock subscription, findings to the effect that the receivership order authorizing suit did not determine the pro rata share of the indebtedness that each stockholder should be required to pay, and that further proceedings in the receivership matter are necessary to determine the same, establish the fact that suit was brought without compliance with the condition precedent that stockholders be given notice and opportunity to be heard as to the amount of the assessment to be made against them.

APPEAL—REVIEW—FINDINGS—PRESUMPTIONS.  Where there is no statement of facts, and the findings are complete and negative the existence of an essential fact, there is no presumption that the facts necessary to sustain the judgment were established by the evidence.

APPEAL—RECORD—EXHIBITS.  The supreme court cannot, in the absence of a statement of facts, consider a copy of an order constituting part of the evidence, brought up by a supplemental transcript.

HUSBAND AND WIFE—COMMUNITY DEBT—LIABILITY OF HUSBAND—CORPORATIONS—STOCK SUBSCRIPTION.  A married man's subscription to the capital stock of a corporation, although constituting a community debt, is also his separate debt upon which he is liable, although, on administration of his wife's estate, no claim was filed against the community.

[1] Reported in 151 Pac. 256.

Appeal from a judgment of the superior court for Spokane county, Sessions, J., entered September 18, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Geo. W. Belt*, for appellant.

*E. H. Belden* and *W. R. Sampson* (*Chas. P. Harris*, of counsel), for respondent.

ELLIS, J.—This is an action by the receiver of a corporation to collect the full amount due upon a stock subscription. It is alleged in the complaint that, on October 28, 1908, the defendant subscribed for the purchase of fifty shares of the capital stock of the Petrolithic Pavement Company, a corporation, agreeing to pay therefor the sum of $100 a share. It is then alleged:

"(3)   That prior hereto and in pursuance of an order of the above entitled court issued on the 5th day of December, 1913, the said receiver caused to be served upon the said Eslick a notice in writing requesting the payment of the purchase price of said stock within ten days after the service of said notice, and stating also that if said notice was not complied with an action would be instituted to collect said purchase money; that more than ten days have elapsed since the service of said notice without a compliance therewith.

"(4)   That there is due and unpaid upon said stock subscription the sum of $5,000."

The prayer is for judgment in the sum of $5,000 and costs.

Attached to and made a part of the complaint as an exhibit is a stock subscription list aggregating five hundred shares of stock, subscribed by various persons, among whom the defendant appears as subscriber for fifty shares.

The defendant demurred to the complaint on the ground that it did not state a cause of action. There is nothing in the transcript showing that this demurrer was ever argued or passed upon. The defendant answered, admitting that he signed the stock subscription agreement attached to the complaint, admitting the allegations of paragraph three of the

complaint, denying the allegations of paragraph four of the complaint, and setting up four affirmative defenses. To the first of these, we shall presently advert. In the third, it is averred that the amount of indebtedness against the pavement company has never been determined by the court in this or any other proceeding, and that the company has property and assets which, if sold, would more than discharge all debts of the company. As to the second and fourth of these affirmative defenses, no question is presented for our consideration.

The plaintiff demurred to the four affirmative defenses on the ground that none of them stated a defense. The court sustained the demurrer as to the first and second affirmative defenses, but overruled the demurrer as to the third and fourth. The plaintiff then filed a reply traversing the third and fourth affirmative defenses. The cause was tried to the court without a jury.

The court found, in substance, that the defendant subscribed for fifty shares of the capital stock, amounting to $5,000 as alleged; that on December 5, 1913, the superior court of Spokane county, in an action entitled Union Iron Works, a corporation v. Spokane Petrolithic Pavement Company, a corporation, entered an order determining the amount of indebtedness of the pavement company to be $6,013.46, plus such other sums as might be incurred as expenses in the receivership proceedings in that case; that the receiver, by that order, was authorized to call upon each subscriber to the capital stock of the pavement company for the full amount unpaid upon his subscription, and give notice to the respective stockholders demanding payment of the amounts due from each on his subscription, and if such stockholders fail to pay the amounts due from them respectively, as shown by the books of the corporation, the receiver bring suit for the collection of such amounts; that the receiver, prior to the commencement of this action, called upon the defendant for the sum of $5,000, the amount of his sub-

scription, and the defendant refused to pay the same. The findings conclude:

"(5)   The court further finds that by the terms of said order, entered by our said superior court on the 5th day of December, 1913, the court did not make a determination of the particular amount or pro-rata share of the indebtedness of said corporation that each respective subscriber to the capital stock should be required to pay, and that it is necessary that some further court proceeding be had in the said receivership matter to determine the respective amounts which each subscriber to the capital stock of said Spokane Petrolithic Pavement Company shall be required to pay in order to discharge the indebtedness of said corporation and the expenses of the receivership proceedings herein, and that execution on any judgment that the court may render herein against the defendant S. A. Eslick, shall be stayed until such time as this court by proper order in said receivership proceedings shall determine the amount due to said receiver from said S. A. Eslick."

Based on these findings and appropriate conclusions, the court entered a judgment against the defendant, which, omitting the formal parts, is as follows:

"It is ordered, adjudged and decreed that plaintiff do have and recover judgment against said defendant, S. A. Eslick, for the full sum of $5,000 and for plaintiff's costs and disbursements herein.

"It is further ordered that execution on said judgment be, and the same is hereby stayed until such time as a further and proper order of this court can be made and entered in the receivership proceedings herein determining the pro rata share or amount to be assessed against S. A. Eslick as his pro rata share of the amount necessary to pay the indebtedness of said Spokane Petrolithic Pavement Company and the expenses of receivership proceedings herein, and that when such order is made and a certified copy thereof filed in this cause, execution for the amount therein determined upon the above judgment be issued against said S. A. Eslick, defendant herein."

The defendant appeals, assigning as error: (1) The overruling of his demurrer to the complaint. (2) The sustaining

of the plaintiff's demurrer to the first affirmative defense in the answer. (3) The making of the conclusions of law. (4) The making and entering of the judgment.

No statement of facts has been brought to this court. Aside from the questions raised by the two demurrers, the sole question presented is, are the findings of fact sufficient to sustain the judgment?

As we have already noted, there is nothing in the record to show that the demurrer to the complaint was passed upon by the court. While the objection that a complaint fails to state a cause of action may be raised at any time (Rem. & Bal. Code, § 263; P. C. 81 § 233), we have often held that it may be waived by answering, going to trial and treating the complaint as stating a cause of action. In such a case, the complaint, though vulnerable to the general demurrer, will be deemed amended so as to state the cause actually tried. The ground upon which it is now urged that the demurrer should have been sustained is that the complaint contained no allegation as to the value of the assets of the insolvent corporation, or that the order to sue the stockholders on their subscriptions was entered on notice to such subscribers, or that the court, after such notice or in any proceeding to which the stockholders were parties, had ever determined what proportion of the stockholder's subscriptions remaining unpaid was necessary after exhausting the assets, to meet the valid obligations of the company.

This court has repeatedly held that, when a receiver has been appointed for an insolvent corporation, it is a condition precedent to his right to maintain an action against a stockholder for an unpaid subscription that such stockholder have notice and an opportunity to be heard upon the validity of claims against the insolvent corporation, and that on such notice an order be entered directing suit against the stockholders whose subscriptions are unpaid, for only such amount as, together with the assets, will suffice to meet the actual

liabilities of the corporation and the costs of the receivership. *Grady v. Graham*, 64 Wash. 436, 116 Pac. 1098, 36 L. R. A. (N. S.) 177; *Beddow v. Huston*, 65 Wash. 585, 118 Pac. 752; *Chamberlain v. Piercy*, 82 Wash. 157, 143 Pac. 977. Measured by this rule, it is clear that the complaint here did not state a cause of action. As we said of the complaint held insufficient in *Chamberlain v. Piercy, supra:*

"It . . . makes no allegation (a) as to the value of the assets of the company, (b) that the defendants had notice or an opportunity to be heard at any time or place upon the validity of the claims against the insolvent company, and (c) that the court, at any time after notice to the stockholders had determined what proportion of each stockholder's subscription remaining unpaid was necessary to meet the valid obligations of the company, after the assets had been exhausted and after this finding had directed that proceedings be instituted against all such stockholders."

On this phase of the case, it therefore remains only to determine whether, on the trial, any evidence was taken supplying these defects in the complaint, so as to warrant us in treating the complaint as amended to present these necessary allegations. The evidence is not before us and we are, therefore, remanded to the findings of the court, which, in the absence of the evidence, must be taken as stating the facts. The fifth finding, which we have quoted in full, definitely declares that the order upon which this suit is based, which was made in the original receivership suit on December 5, 1913, did not make a determination of the particular amount or pro rata share of indebtedness that each subscriber to the capital stock should be required to pay, and finds that it is necessary that some further proceedings be had in the receivership matter to determine such amount. The judgment was for the appellants full subscription of $5,000, and ordered a stay of execution thereon until the figures, which should have been determined, according to the foregoing rule, in the original order in the receivership proceedings, shall have been

determined in some subsequent order. The findings, taken as a whole, make it clear that no evidence was offered upon which an amendment making the complaint conform to the rule announced in the *Piercy* case could have been made. If we adhere to the rule announced in that case and the other cases above cited, it is clear, not only that the complaint did not state a cause of action, but also that the findings affirmatively show that the action against the appellant here was prematurely brought, in that there has been no determination in the original receivership proceedings that $5,000, or any other specific amount, was either assessed as necessary to meet the valid obligations of the company after the assets of the company had been exhausted, or that it has ever been found that the assets of the corporation are not sufficient to pay all valid claims against the corporation.

It is true, as urged by respondent, that in the absence of a statement of facts and in the absence of an affirmative finding to the contrary, it will be presumed, on incomplete or defective findings, that every fact necessary to sustain the judgment was established by the evidence. *Harbican v. Chamberlin*, 82 Wash. 556, 144 Pac. 717; *Magee v. Risley*, 82 Wash. 178, 143 Pac. 1088; *Gould v. Austin*, 52 Wash. 457, 100 Pac. 1029; *Clambey v. Copland*, 52 Wash. 580, 100 Pac. 1031. But where, as here, the findings are complete on their face, and the absence of a fact necessary to make a cause of action affirmatively appears in the findings themselves, no such presumption can be indulged. *Katterhagen v. Meister*, 75 Wash. 112, 134 Pac. 673. This distinction is clearly pointed out in *Harbican v. Chamberlin, supra*. In the case before us, the findings themselves show that the action was premature, in that no sufficient antecedent order was entered in the receivership case. The demurrer to the complaint should have been sustained, and all proceedings stayed until, after notice to all the stockholders, the proper antecedent order and findings had been made in the receivership case, and the complaint amended to so show. Failing that, then the ac-

tion should have been dismissed for failure of proof. The findings are sufficient to sustain any judgment, save a dismissal without prejudice to the bringing of a new action upon the entry of a sufficient order in the receivership proceedings based upon notice giving to all the stockholders an opportunity to be heard.

The respondent has brought up, by what he terms a supplemental transcript, what purports to be a copy of the order of December 5, 1913, as entered in the receivership suit. By its recitals, the respondent asserts that the appellant is estopped to raise the insufficiency of the order to authorize this action. We cannot consider this order. It is no part of the transcript in this case. It is a mere item of evidence which, if it was before the trial court at all, could only be brought to this court by a properly settled and certified statement of facts. Upon the record here, we must assume that the court's finding properly interpreted the order actually made.

Though the foregoing disposes of this action, we deem it expedient, in view of the probability of a new suit, to notice the alleged error assigned by the appellant on the sustaining of the demurrer to his first affirmative defense. That defense was to the effect that, inasmuch as the stock subscription constituted a community debt of the appellant and his wife, now deceased, it is barred because it was not presented as a claim against the community estate within the year after publication of notice to creditors in the probate proceedings on that estate. While the contract of subscription made by the appellant to the capital stock of the corporation was apparently a community debt, it was also a personal and separate obligation of the appellant. The personal liability of the appellant on his own subscription is not dependent upon establishing a claim against the community. This is manifest from the vast number of cases in which judgments have been entered against the husband alone on contracts executed by him, and afterwards asserted against

the community property. There is no relation of principal and surety between the community estate and the separate estate of the husband such that a loss of remedy against the community estate would relieve from liability the separate estate of the husband who actually executed the contract of subscription as his own. We have held that a creditor is not required to relinquish his right to proceed against the separate estate of the husband on an obligation signed by the husband alone, even when seeking to hold the community property. *First Nat. Bank of Ritzville v. Cunningham,* 72 Wash. 532, 130 Pac. 1148.

It follows that the failure to present a claim against the community estate did not, in any event, affect the husband's separate liability. In *Barto v. Stewart,* 21 Wash. 605, 59 Pac. 480, cited by the appellant in this connection, the corporation was declared insolvent and a receiver was appointed almost two years prior to the death of the stockholder. Yet the claim was not presented against his estate until over two years after his death. It was, of course, held barred. The distinction from the case before us is plain. The demurrer to the first affirmative defense was properly sustained.

The judgment is reversed, and the cause is remanded for dismissal without prejudice to the bringing of another action based upon a sufficient order in the receivership proceeding.

Morris, C. J., Fullerton, and Main, JJ., concur.