[No. 20478. Department One. May 17, 1927.]

GUARANTY TRUST COMPANY, as Receiver for Sunnyside-Yakima Oil Company, Respondent, v. JACK SCOON et al., Appellants.[1]

[1] CORPORATIONS (226)—LIMITATION OF ACTIONS (43)—ACCRUAL—COLLECTION OF UNPAID SUBSCRIPTIONS—CONDITIONS PRECEDENT. An order, upon a hearing as to claims, directing payment or suit, being a condition precedent to a receiver's action to collect unpaid stock subscriptions, the statute of limitations does not begin to run until such order is made.

[2] SAME (226)—LIMITATION OF ACTIONS (22)—UNPAID STOCK SUBSCRIPTIONS. The liability of stockholders for the debts of the corporation to the extent of their unpaid stock subscriptions, fixed by Const., Art. 12, § 4, is one arising on contract, and governed by the six-year statute of limitations.

[3] CORPORATIONS (226)—UNPAID STOCK SUBSCRIPTIONS—ACTIONS—DEFENSES. The defenses of fraud, and that the stock was not fully subscribed, are not available in a receiver's action to recover unpaid stock subscriptions, where the stockholders had stood silent for a long time and the debts were incurred after they became stockholders.

[1]Reported in 256 Pac. 74.

2—144 WASH.

[4] APPEAL (473)—LAW OF CASE—SUBSEQUENT APPEALS. A decision
    on a former appeal determining the amount of creditors' claims,
    in actions to recover unpaid stock subscriptions, becomes the
    law of the case and conclusive on a second appeal.

[5] EXECUTORS AND ADMINISTRATORS (73)—PRESENTATION AND FILING
    OF CLAIM—SUIT ALREADY PENDING. The filing of a claim against
    an estate is not necessary where decedent was originally a
    party to a suit, and upon his death, the executrix of his estate
    was substituted, and the probate court affirmed a stipulation to
    proceed with the trial.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered September 11,
1926, levying assessments upon stockholders of an in-
solvent corporation for unpaid stock subscriptions,
after a hearing before the court. Affirmed.

*Stephen E. Chaffee,* for appellants.

*Joseph C. Cheney,* for respondent.

MITCHELL, J.—This is a second appeal by the same
parties in a suit by the receiver of an insolvent cor-
poration, not organized for banking or insurance pur-
poses, upon order of court to collect unpaid stock sub-
scriptions to meet the debts of the corporation and the
expenses of the receivership. On the former appeal,
the total amounts allowed by the trial court as debts
due by the corporation were substantially reduced by
this court to specified amounts; and the direction in
that decision was that the trial court, to the extent of
the reductions made, should modify its order,

" . . . to the end that the receiver may demand
from the stockholders such an amount only as is neces-
sary to satisfy the valid claims, as allowed by us, and
for the expenses of the receivership."

Upon the case going back to the superior court, and
upon the complaint of the receiver, the directions of
this court were complied with; and upon notice given
and hearing had, at which these appellants appeared,

the amount to be paid by each was fixed by order of the court. The amounts thus fixed were refused to be paid by the appellants upon demand of the receiver, whereupon judgment was entered separately against each of them for the amount fixed by the order of the court. The present appeals are from that judgment.

As argued here, appellants jointly present their assignments of error under four headings:

[1] (1) That the action is barred by the statute of limitations. We have adopted the rule in this state that it is a condition precedent to a suit by the receiver of an insolvent corporation to collect upaid stock subscriptions that an opportunity be given to stockholders to be heard upon the validity of claims against the corporation, and that an order thereon be made directing payment or suit to collect the *pro tanto* amount to be collected from each stockholder. *Rea v. Eslick,* 87 Wash. 125, 151 Pac. 256, and cases cited. Until that hearing and order, there is no cause of action that can be definitely stated, and until then the statute of limitations does not commence to run. That was not done in this case, nor was the decree of the solvency itself entered other than at a time less than six years before the complaint upon which was entered the judgment now appealed from.

[2] Contrary to appellants' contention, the six-year statute of limitation applies in this case. While it is true the state constitution, Art. 12, § 4, provides for the liability of stockholders in this kind of a corporation for the debts of the corporation to the amount of their unpaid stock and no more, the liability against these appellants sought to be enforced in this action is not a statutory one, as defined in the two-year statute of limitations, but arises from their subscriptions for the stock of the corporation. Their

subscriptions were made, it is true, with reference to the provisions of the constitution then in force, the terms of which became a part of their contracts or subscriptions for the capital stock. *Thomas v. Kalbfus,* 97 Ohio St. 232, 119 N. E. 412.. But the cause of action is on the subscription contract.

[3] (2) That fraud was practiced upon them in procuring their subscriptions to the capital stock of the corporation. It appears, however, that they were subscribers at the origin of the corporation and nearly or quite all of them made part payments on their stock by the surrender of stock they held at that time in the predecessor of this corporation, the preceding corporation having sold all of its assets to the present corporation. They have stood silent too long to be heard in this respect. Under such circumstances, that defense is not available to them in a suit by the receiver. *Cox v. Dickie,* 48 Wash. 264, 93 Pac. 523. Nor is the claim that the stock was not all fully subscribed available as a defense in a receiver suit. *Cox v. Dickie, supra.* As we understand it, these debts of the corporation were incurred after these appellants became stockholders.

[4] Some further contention is made on behalf of the appellants concerning equities against the creditors. There are no creditors whose claims are involved and for whose benefit the judgment appealed from was entered, except those mentioned in our former decision in this case. It is too late now for the appellants, who were appellants then, to question that decision and the judgment on it in that respect. It has become the law of this case and those claims in the amounts stated have become settled as valid claims against the insolvent corporation, so far as the rights of these appellants are concerned.

[5] (3) That there should have been no judgment

against the R. H. Wilkinson estate. The record shows he was an original party defendant when the present action was commenced and was served with summons and complaint and appeared in the action. Thereafter he died and the duly appointed executrix of his estate was substituted for him, and personally as such executrix was served with a summons and complaint in the action. Thereafter, upon stipulation of the parties approved by the probate department of the superior court, the case proceeded against her as such executrix. There was no error in the judgment simply because a formal verified claim was not presented to the executrix. The estate had its day in court.

(4) That there were compromises or settlements. This is in no way discussed in the brief or otherwise in behalf of appellants and we treat it as abandoned by them.

Affirmed.

MACKINTOSH, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.