[No. 23715. Department One. October 24, 1932.]

H. O. FISHBACK, as *Insurance Commissioner, Appellant*, v. H. T. LEWIS, *Respondent*.[1]

[1]Reported in 15 P. (2d) 658.

40

*Harrison McAdams* and *John A. Homer*, for appellant.

*Sather & Livesey*, for respondent.

HERMAN, J.—March 8, 1923, defendant applied for membership in the Automobile Insurance Exchange, which had previously been formed as an inter-insurance association under Rem. Comp. Stat., § 7131. At the time defendant applied for membership, he signed an instrument known as the "Authority from the Subscribers." This document is similar to that signed by all the other members of the association. It is in the nature of a power of attorney, by which Charles Sumner Best is authorized, as representative and manager for the subscriber, to accept applications for and to make and issue policies of insurance on subscribers' property.

More than one hundred policies of insurance were issued defendant by the exchange. Policies were made payable first, to the Lewis Motor Company, which was the trade name under which defendant did business,

and second, to the purchaser as his interest might appear. When these policies were being issued, defendant was selling automobiles under the conditional sale plan, whereby the defendant retained the legal title to the automobile until the full payment was made.

On the request of the defendant, the policy would be canceled by the exchange in the event of the cancellation of the contract of sale or the repossession of the car. Sometimes, when the contracts had been paid before they were due and the interest of the defendant had thereby been terminated, the policy would be turned over by defendant to the person who had bought the car. The exchange never refused to cancel a policy when requested so to do by the defendant. The evidence shows that the defendant did not make a practice of notifying the exchange when his interest in an automobile ceased.

On December 29, 1926, the superior court, in an action instituted by the *Attorney General* in behalf of the insurance commissioner, entered an order directing the insurance commissioner to take possession of the property and records of the exchange for the purpose of liquidating it as an insolvent insurance company. July 27, 1927, the court entered its order authorizing and directing the levy of an assessment against all members and policy holders.

This action was instituted by the insurance commissioner to recover from defendant the amount of the assessment levied against him on the policies issued to him by the exchange. In addition to certain denials, defendant's answer pleaded affirmatively that plaintiff's cause of action, if any ever existed, is barred by the statute of limitations. The trial court concluded that recovery against the defendant was barred by the six-year statute of limitations, except as to the assessment levied by virtue of the policy issued to defendant

under date of April 8, 1925, and awarded plaintiff judgment for only $1.68, the amount of that assessment. From that judgment, plaintiff has appealed.

The respondent asserts first, that appellant's cause of action is barred by the statute of limitations. The trial court held

". . . that the assessment for each monthly period stands alone, and are several and not cumulative; and that plaintiff's right of action was barred by the statute of limitations within six years after the expiration of the month in which the loss occurred."

Respondent contends that, except in the case of the last policy issued, because more than six years have elapsed prior to the commencement of this suit since the end of any month in which loss occurred, appellant's action is barred.

In *Rea v. Eslick,* 87 Wash. 125, 151 Pac. 256, it was stated:

"This court has repeatedly held that, when a receiver has been appointed for an insolvent corporation, it is a condition precedent to his right to maintain an action against a stockholder for an unpaid subscription that such stockholder have notice and an opportunity to be heard upon the validity of claims against the insolvent corporation, and that on such notice an order be entered directing suit against the stockholders whose subscriptions are unpaid, for only such amount as, together with the assets, will suffice to meet the actual liabilities of the corporation and the costs of the receivership. *Grady v. Graham,* 64 Wash. 436, 116 Pac. 1098, 36 L. R. A. (N. S.) 177; *Beddow v. Huston,* 65 Wash. 585, 118 Pac. 752; *Chamberlain v. Piercy,* 82 Wash. 157, 143 Pac. 977."

In the case of *Guaranty Trust Co. v. Scoon,* 144 Wash. 33, 256 Pac. 74, this court said:

"We have adopted the rule in this state that it is a condition precedent to a suit by the receiver of an insolvent corporation to collect unpaid stock subscrip-

tions that an opportunity be given to stockholders to be heard upon the validity of claims against the corporation, and that an order thereon be made directing payment or suit to collect the *pro tanto* amount to be collected from each stockholder. *Rea v. Eslick*, 87 Wash. 125, 151 Pac. 256, and cases cited. Until that hearing and order, there is no cause of action that can be definitely stated, and until then the statute of limitations does not commence to run.''

Rem. Comp. Stat., § 7131, classifies an insurance company, the members of which transact business as inter-insurers, as a mutual insurance company, and provides that

'' . . . each shall be individually liable with every other solvent member of such company to ratably pay and discharge all losses and legal claim accruing against such company.''

Rem. Comp. Stat., § 7130, provides:

''A policy-holder in a mutual insurance company has the same character of interest and occupies the same relation to the company as the stockholder has and occupies to a stock insurance company.''

It would therefore follow that, the legislature having declared the character of interest and relationship of an inter-insurer to the mutual company to be the same as that which the stockholder has and occupies to a stock company, there is no cause of action which could be definitely stated, and the statute of limitations would not commence to run until after the hearing and the entry by the court of an order fixing and allowing the claims against the Automobile Insurance Exchange. This order was entered on December 27, 1927, and all of the claims involved in this suit would be well within the six-year statute of limitations.

Respondent contends that, because many of the policies were issued to him bearing an endorsement that the same should be payable to respondent and the

44

purchaser of an automobile under a conditional sale contract as their interest might appear, and because, in many instances, respondent's interest in the policy and in the automobile insured was terminated before the expiration of the policy, it was incumbent upon the liquidator to prove when respondent's interest terminated under the various policies, and to assess respondent only on the basis from the date the policy was issued until respondent's interest in the insured property ceased.

The evidence shows that the Automobile Insurance Exchange had never refused to cancel any policy when requested to do so by respondent. It was a simple matter for the respondent to notify the exchange that he was no longer interested, and to request the cancellation of the policy. He knew when his interest ceased. The usual life of the policies so issued was for twelve months. Respondent cannot now, by a general statement that, in certain cases, the purchaser paid for the car before the time provided for in the contract and thereby terminated respondent's interest in the policy, relieve himself from liability for assessment under the policy.

The burden is upon the respondent to show the termination of his interest in any of the policies prior to the end of the period of time for which they were issued, and that notice of such termination of respondent's interest was given to the Automobile Insurance Exchange. At the new trial, he should be afforded an opportunity to plead and prove the specific instances in which his interest in the policies ceased before the expiration of the date of the policy, and in which notice of such fact was given the Automobile Insurance Exchange.

Respondent further contends that he cannot be assessed on account of such claims as arose during

those years that the company paid its claims and seemed to be operating at a profit, when it was, in fact, operating at a loss. This contention is disposed of and settled by the court in the case of *Fishback v. Bothell Bus Co.*, 150 Wash. 49, 272 Pac. 67. In the course of its opinion in that case, the court said:

"But the assessment in this respect was according to the plain terms of the statute. The appellant, it seems, was not one of the original organizers of the exchange; it joined later on. The statute quoted, applicable to mutual companies of this kind, speaks of its being formed 'to transact business as inter-insurers only between the parties forming the company *and all parties who shall become members and inter-insurers therein.*' The statute then provides that each shall be individually liable, with every other solvent member, to ratably pay and discharge all losses and legal claims accruing against said company. It is immaterial when the policy was issued upon which the loss occurred, provided the loss accrued while the appellant was a member. To help meet that loss was a duty both under the statute and under appellant's contractual relations."

Reversed, and remanded for a new trial.

TOLMAN, C. J., MITCHELL, PARKER, and STEINERT, JJ., concur.