CARL NEEDHAM, INC., AND MARY IMOGENE NEEDHAM, EXECUTRIX OF THE ESTATE OF CARL NEEDHAM, DECEASED, APPELLANTS, v. JOSEPH CAMILLERI AND VIRGINIA RITA STROCK, ADMINISTRATRIX OF THE ESTATE OF SALLY J. CAMILLERI, DECEASED, RESPONDENTS.

No. 7581

JOSEPH CAMILLERI AND VIRGINIA RITA STROCK, ADMINISTRATRIX OF THE ESTATE OF SALLY J. CAMILLERI, DECEASED, APPELLANTS, v. MARY IMOGENE NEEDHAM, EXECUTRIX OF THE ESTATE OF CARL NEEDHAM, DECEASED, RESPONDENT.

No. 7629

April 9, 1975                    533 P.2d 765

*Milton Wichner & Associates, Ltd.,* of Los Angeles, California, and *Richard C. Minor,* of Reno, for Carl Needham, Inc., and Mary Imogene Needham, Executrix of the Estate of Carl Needham, deceased.

*Robinson & Cassas,* of Reno, for Joseph Camilleri and Virginia Rita Strock, Administratrix of the Estate of Sally J. Camilleri, deceased.

## OPINION

By the Court, THOMPSON, J.:

We have before us two appeals which have been consolidated since each evolves from litigation commenced by Joseph and Sally Camilleri against Carl Needham, Carl Needham, Inc., and John Bonsignore. During the pendency of that action, the plaintiff Sally Camilleri and the defendant Carl Needham died. Virginia Rita Strock, administratrix of Sally Camilleri's estate, and Mary Imogene Needham, executrix of Carl Needham's estate, were substituted as parties. The cause proceeded, and the district court favored the plaintiffs with judgment and awarded them damages of $17,334.95 jointly and severally against Carl Needham, Inc., Mary Imogene Needham, as executrix of the estate of Carl Needham, deceased, and John Bonsignore. The court also awarded punitive damages of $1,000 against Bonsignore.[1] A creditor's claim was not filed in the Needham estate proceeding.

The appeal in case No. 7581 is from the judgment in the action commenced by the Camilleris. It is contended that there was insufficient evidence to support judgment against Carl Needham, Inc.; that error was committed when the court denied the motion of the executrix of Carl Needham's estate to continue the trial; and, that the judgment against the executrix is ineffective and unenforceable since a creditor's claim was not filed in the Needham estate proceeding.

The appeal in case No. 7629 is from the order settling the final account and decreeing distribution of the Needham estate without providing for payment of the judgment against the executrix, since a creditor's claim was not filed.

---

[1]Bonsignore since has paid the plaintiffs one half of the judgment and costs, and also the $1,000 punitive damages, and has received a satisfaction of judgment discharging him from further liability. Consequently, he is not a party to this appeal.

We consider it unnecessary to detail the facts which gave birth to the Camilleri law suit. It is sufficient simply to note that Carl Needham and John Bonsignore, real estate agents for Carl Needham, Inc., sold a motel to the Camilleris without disclosing to them that the property was heavily encumbered. The district court found that such conduct was in breach of a fiduciary duty to the Camilleris, was negligence, and also a constructive fraud. Consequently, that court awarded out-of-pocket damages. Each finding is supported by substantial evidence. Neither does the record disclose an abuse of discretion in denying continuance of the trial. Accordingly, we summarily reject the first two contentions tendered by the appeal in case No. 7581.

We must, however, consider and resolve a point of law common to each appeal, to-wit: Whether the failure of the Camilleris to file a claim in the Needham estate precludes enforcement of their judgment.

1. NRS 147.100 reads: "If an action be pending against the deceased at the time of his or her death, the plaintiff, in like manner, shall file his claim with the clerk, and no recovery shall be held in the action unless proof be made of such filing." We presume that the phrase "in like manner" refers not only to the form of such claim (NRS 147.070) but, as well, to the time within which one having a claim against the deceased must file it (NRS 147.040).[2]

---

[2]NRS 147.070: "1. Every claim filed with the clerk shall be supported by the affidavit of the claimant that:

(a) The amount is justly due (or if the claim is not yet due, that the amount is a just demand and will be due on the .......................... day of .......................... ).

(b) No payments have been made thereon which are not credited.

(c) There are no offsets to the same to the knowledge of the claimant or other affiant.

2. Every claim filed with the clerk shall contain the mailing address of the claimant. Any written notice mailed by an executor or administrator to the claimant at the address furnished is proper notice.

3. When the affidavit is made by any other person than the claimant, the reasons why it is not made by the claimant shall be set forth in the affidavit.

4. The oath may be taken before any officer authorized to administer oaths.

5. The amount of interest shall be computed and included in the statement of the claim and the rate of interest determined.

6. The court may, in its discretion, for good cause shown, allow a defective claim or affidavit to be corrected or amended on application made at any time before the filing of the final account."

NRS 147.040: "All persons having claims against the deceased must,

A claim in the form contemplated by NRS 147.070 was not filed in this case. Carl Needham died on July 8, 1972. Mary Imogene Needham was appointed executrix of his estate on July 28, 1972. Notice to creditors first was published on July 29, 1972. The time for filing claims expired three months later on October 29, 1972. Before that time had run, Mary Imogene Needham, as executrix, was on October 12, 1972, substituted as a party defendant for the deceased. NRCP 25(a).

When an action has not proceeded to final judgment, and where, within the time allowed for the filing of claims, the personal representative of a deceased party is substituted in his place in pending litigation, the statutory requirement for filing a claim is satisfied. In re Brennan, 4 P. 561 (Cal. 1884); Lewis v. O'Brien, 56 Cal.Rptr. 749 (Dist.Ct.App. 1967). At least, such is the California view under Probate Code 709 identical in wording to NRS 147.100. We approve that view. After all, "the estate had its day in court." Guaranty Trust Co. v. Scoon, 256 P. 74 (Wash. 1927). The claim against the estate is timely since the executrix was substituted as a party to the pending litigation before the time for filing creditor's claims had run. And, the information to be gathered by adherence to NRS 147.070 was fully supplied to the estate by the evidence received during the trial of the pending matter. Indeed, in the instant estate matter when the executrix filed her first accounting she observed that the estate was not in a condition to finally be closed because of pending litigation against the deceased.

Accordingly, in case No. 7581 we affirm the judgment for damages against Carl Needham, Inc., and hold that the judgment against the executrix of the estate of Carl Needham is enforceable; and, in case No. 7629 we reverse the order settling the final account and decreeing distribution of the Needham Estate in so far as it did not provide for payment of the Camilleri judgment, and direct the district court to allow a certified copy of that judgment to be filed in the estate proceeding in accordance with NRS 147.200.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

within 3 months after the first publication of the notice specified in NRS 147.010, file the same, with the necessary vouchers, with the clerk of the court, who shall file and register each claim."